**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 04-539-C**

**LEONARD EUGENE MARSH,**                                        **PETITIONER,**

**V.**                  **MEMORANDUM OPINION AND ORDER**

**RANDY ECKMAN, WARDEN,**                               **RESPONDENT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the Report and Recommendation of United States Magistrate Judge Dave Whalin. This court, having reviewed the record *de novo* in light of the objections filed by the petitioner, Leonard Eugene Marsh, 28 U.S.C. § 636(b)(1)(C), and being otherwise sufficiently advised, will accept the magistrate judge's findings of fact and conclusions of law and will deny the petition.

**Factual and Procedural History**

The court accepts and adopts the magistrate judge's findings of fact as stated in the Report and Recommendation.

**Applicable Law**

The magistrate judge correctly stated the applicable law. The court agrees that the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs the court's power to grant or deny a writ of habeas corpus. AEDPA prohibits federal courts from granting writs of habeas corpus on claims previously adjudicated on the merits in state courts unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an

>unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1-2).

The Supreme Court has explained that a decision is "contrary to" clearly established federal law when a "state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "Unreasonable application" occurs when "the state court identifies the correct legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A state-court decision is not "unreasonable" "simply because [the federal habeas court] concludes in its independent judgment that the . . . state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* A "federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. Pursuant to subsection (2), whether the decision was based on an unreasonable determination of facts, the factual findings of the state court are presumed correct. This presumption can be overcome only by clear and convincing evidence. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Overall, the state-court judgment must be upheld unless, after the closest examination of that judgment, a federal court is firmly

2

convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 415.

**Ineffective Assistance of Counsel**

The petitioner identifies five errors allegedly committed by his counsel: (1) she failed to challenge the court's instruction on trafficking in a controlled substance in the first degree in violation of KRS 218A.1412; (2) she failed to request a supplemental jury instruction to cure juror confusion; (3) she failed to submit mitigating evidence during the penalty phase; (4) she failed to object to impeachment with evidence of a prior bad act; and (5) she abandoned him on appeal.

As explained in the magistrate judge's recommendation, the Kentucky appeals court's decision that petitioner's claim of ineffective assistance of counsel lacked merit was not contrary to and did not involve an unreasonable application of clearly established federal law. It was also not an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Federal law regarding ineffective assistance of counsel is explained in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* sets forth a two-prong test to determine whether the conviction should be reversed for ineffective assistance of counsel. The petitioner must show: (1) that counsel's performance fell outside the wide range of professionally competent assistance guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense so seriously that but for the alleged error of counsel, there is a reasonable probability that the result

would have been different.  If the errors had no effect on the judgment, it should not be set aside. *Id.* at 691.  The petitioner must affirmatively prove prejudice, not just show that the error had some conceivable effect on the outcome of the proceeding. *Id.* at 693.  The petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "[T]rial counsel must commit a serious error to be judged unconstitutionally ineffective." *Mapes v. Coyle*, 171 F.3d 408, 426 (6th Cir. 1999).

In this case, the Kentucky Court of Appeals properly evaluated each of the petitioner's claims and its decision was not "contrary to" or an "unreasonable application" of the *Strickland* standard.  The magistrate judge's report and recommendation sets forth the reasons for this finding and this court adopts that analysis as its own.  Several of the petitioner's grounds for habeas relief are barred from federal review; the others, which involve claims of instructional error, were evaluated properly by the Kentucky Court of Appeals.  Accordingly,

**IT IS ORDERED** that the magistrate judge's Report and Recommendation (DE 22) is **ADOPTED** as the opinion of the court as supplemented by this order.

**IT IS FURTHER ORDERED** that the petitioner's petition for a writ of habeas corpus is **DENIED** and this action (DE 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the petitioner's request for a certificate of appealability is **DENIED**, as the petitioner has failed to make a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(1).

Signed on   July 19, 2005

Jennifer B. Coffman, Judge
United States District Court